IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JEANNE E.,[1]

        Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,

        Defendant.

Case No. 6:18-cv-01722-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

        Jeanne E. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") partial denial of her applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. The Court has jurisdiction to hear Plaintiff's appeal pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons explained below, the Court affirms the Commissioner's decision.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

**STANDARD OF REVIEW**

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

**BACKGROUND**

**I.   PLAINTIFF'S APPLICATIONS**

Plaintiff was born in December 1966, making her forty-six years old on May 10, 2013, the day after the Social Security Administration denied Plaintiff's prior application for benefits. (Tr. 13, 83, 109.) Plaintiff is a high school graduate and has past relevant work experience as a manager, cashier, gas station attendant, and housekeeper. (Tr. 23-24, 53-55, 246.) In her applications for benefits, Plaintiff alleged disability due to a thyroid disorder, congestive heart

failure, high blood pressure, hypertension, water retention, and supraventricular tachycardia. (Tr. 83, 109.)

The Commissioner denied Plaintiff's applications initially and upon reconsideration, and on May 6, 2015, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 13.) Plaintiff and a vocational expert ("VE") appeared and testified at a hearing held on June 16, 2017. (Tr. 35-60.) On August 21, 2017, the ALJ issued a partially favorable decision, finding Plaintiff disabled as of December 5, 2016. (Tr. 13-26.) Plaintiff now seeks judicial review of that decision.

## II. THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* at 724-25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.*; *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante*, 262 F.3d at 954 (citations omitted).

### III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 13-26.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 10, 2013, the day after the Social Security Administration denied Plaintiff's prior application for benefits. (Tr. 13, 16.) At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "[O]besity, congestive heart failure, cardiomyopathy, heart disease, chronic obstructive pulmonary disease (COPD), history of methamphetamine abuse, hypertension, thyroiditis, and knee abnormalities." (Tr. 16.) At step three, the ALJ concluded that Plaintiff did not have an impairment that meets or equals a listed impairment. (Tr. 17.) The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, subject to these limitations: (1) Plaintiff cannot climb ladders, ropes, or scaffolds; (2) Plaintiff can engage in no more than occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ramps or stairs; and (3) Plaintiff cannot be exposed to "vibration, pulmonary irritants, or hazards." (Tr. 19.) At step four, the ALJ concluded that Plaintiff was unable to perform her past relevant work. (Tr. 23.) At step five, the ALJ determined that Plaintiff was disabled as of December 5, 2016, but not before that date. (Tr. 23-25.)

# DISCUSSION

In this appeal, Plaintiff argues that the ALJ "abused his discretion in applying the medical-vocational rules mechanically." (Pl.'s Opening Br. at 4.) As explained below, the Court disagrees. The Court therefore affirms the Commissioner's decision partially denying Plaintiff's applications.

## I. APPLICABLE LAW

An ALJ can meet his burden at step five of the sequential evaluation process in one of two ways: (1) relying on testimony from a vocational expert; or (2) referring to the Medical-Vocational Guidelines (the "Grids"). *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (citing *Tackett*, 180 F.3d at 1101). This case concerns the ALJ's application of the Grids.

The Grids are "matrices of the 'four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy.'" *Lockwood*, 616 F.3d at 1071 (quoting *Heckler v. Campbell*, 461 U.S. 458, 461-62 (1983)). The Grids use three age categories: (1) "younger person (under age 50)," (2) "person closely approaching advanced age (age 50-54)," and (3) "person of advanced age (age 55 or older)." *Id.* (citation omitted).

"Where a claimant is within a few days or a few months of reaching an older age category (a 'borderline situation'), an ALJ has discretion, but is not required, to use the older age category." *Lockwood*, 616 F.3d 1069 (citing 20 C.F.R. § 404.1563(b)). Indeed, § 404.1563(b) expressly provides that ALJs will not "mechanically" apply the age categories in a "borderline situation":

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 404.1563(b).

The Commissioner's Hearings, Appeals, and Litigation Manual ("HALLEX"), "an internal Social Security Administration policy manual," *Lockwood*, 616 F.3d 1072, also addresses borderline age situations. The old HALLEX instructed "ALJs to consider 'additional vocational adversities' that could justify the use of the higher age category, and state[d] that '[a]bsent a showing of additional adversity(ies) justifying the use of the higher age category[,] . . . [t]he adjudicator need not explain his or her use of the claimant's chronological age.'" *Id.* at 1072. Thus, the old HALLEX did "not require an ALJ to address borderline situations in every written decision." *Id.* (citing *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399-400 (6th Cir. 2010)).

"The new HALLEX instructions do not require the claimant to show additional vocational adversities." *Huigens v. Soc. Sec. Admin., Comm'r*, 718 F. App'x 841, 846 n.2 (11th Cir. 2017) (citation omitted). Instead, the new HALLEX instructs ALJs to "consider[] the overall impact of all the factors—RFC, age, education and work experience—and any 'additional element(s) present that seriously affects a claimant's ability to adjust to other work' using a 'sliding scale' approach." *Id.* (citation omitted). In order "[t]o support the use of the higher age category, the claimant must show that the factor(s) have a progressively more adverse impact on his or her ability to adjust to other work as the period between the claimant's actual age and attainment of the next higher age category lengthens." HALLEX 1-2-2-42, 2016 WL 1167001, at *2 (Mar. 25, 2016). Further, the new HALLEX provides that "[t]he ALJ will explain in the

PAGE 6 – OPINION AND ORDER

decision that he or she considered the borderline age situation, state whether he or she applied the higher age category or the chronological age, and note the specific factor(s) he or she considered." *Id.*

## II. ANALYSIS

The ALJ determined that (1) Plaintiff had the RFC to perform a limited range of sedentary work, (2) Plaintiff has a high school education, (3) Plaintiff does not have transferable skills from her past skilled and semiskilled work, and (4) Plaintiff's age category changed from a younger person (under age fifty) to a person closely approaching advanced age (age fifty to fifty-four) on December 5, 2016, the day that Plaintiff turned fifty years old. (Tr. 19, 23-25, 53-54, 57.) Accordingly, the ALJ determined that Rule 201.14 of the Grids directed a finding of "disabled" beginning on December 5, 2016, the day that Plaintiff's "age category changed."[2] (Tr. 25.)

The ALJ also assessed whether Plaintiff was disabled prior to December 5, 2016, when she was still a younger person. (*See* Tr. 23-24.) The ALJ "considered" the fact that Plaintiff's case was a "borderline age situation."[3] (Tr. 23.) The ALJ concluded that there was "no basis" for

---

[2] The parties do not challenge this finding. *See generally Stenberg v. Comm'r, Soc. Sec. Admin.*, No. 16-1399-AC, 2017 WL 6026671, at *8 (D. Or. Dec. 4, 2017) ("Rule 201 encompasses a table of rules that apply to claimants whose maximum sustained work capability is limited to 'sedentary work.' Rule 201.14 directs a decision of 'disabled' for a claimant who: (1) is approaching advanced age (age 50–54); (2) has a high school education or its equivalent; and (3) has a skilled or semiskilled work history, with nontransferable work skills.") (citations omitted); *Selimovic v. Colvin*, No. 13-1248, 2014 WL 4662251, at *11 (D. Ariz. Sept. 18, 2014) ("If a claimant is closely approaching advanced age, has no transferable skills, and is limited to sedentary work, the ALJ must find [the] claimant disabled based on the sedentary grid.") (citation omitted).

[3] The new HALLEX instructs ALJs to "assess whether the claimant reaches or will reach the next higher age category within a few days to a few months after," among other things, the date last insured. (Tr. 23.) Plaintiff "remain[ed] insured through September 30, 2016." (Tr. 14.) Thus, the ALJ correctly identified Plaintiff's case as a borderline age situation because (1) she reached the next higher age category within a few months after the date last insured, and (2) as

a "non-mechanical" application of the Grids. In other words, the ALJ concluded that there was no basis for using the higher age category, which, as discussed above, would support a finding of disabled under Rule 201.14 of the Grids. (*See* Tr. 23-25.) In so concluding, the ALJ cited and applied the new HALLEX:

> HALLEX I-2-2-42-C states that: 'To support the use of the higher age category, the claimant must show that the factor(s) have a progressively more adverse impact on his or her ability to adjust to other work as the period between the claimant's actual age and attainment of the next higher age category lengthens.' In this case, the claimant's condition has been very stable since the implant of the defibrillator [in April 2014]. There is no indication of a progressively greater impact on the ability to adjust to other work so there is no basis for applying the [Grids] earlier than the regulations already prescribe.

(Tr. 23-24.) The ALJ concluded that prior to December 5, 2016, Plaintiff was not disabled because the VE testified that there were a significant number of sedentary jobs in the national economy that Plaintiff could perform given her "age, education, work experience, and [RFC]." (Tr. 24.)

Plaintiff acknowledges that the ALJ had the discretion to use the higher age category to determine whether she was disabled prior to December 5, 2016, but the ALJ was not required to do so. (Pl.'s Opening Br. at 6.) Nevertheless, Plaintiff argues that the ALJ's explanation related to HALLEX I-2-2-42 "makes no sense" and, therefore, "meets the abuse of discretion standard." (Pl.'s Opening Br. at 7; Pl.'s Reply Br. at 1.) In support of her argument, Plaintiff notes, *inter alia*, that HALLEX I-2-2-42 "does not require a progression of a claimant's condition," yet the "ALJ created a new requirement of disease progression within the 'time period under review[.]'"

---

discussed above, using the high age category supports a finding of disabled. *See* HALLEX 1-2-2-42, 2016 WL 1167001, at *1 (describing the two-part test that the agency uses for identifying whether a borderline age situation is present and explaining that the Social Security Administration "considers a few days to a few months to mean a period not to exceed six months").

(Pl.'s Opening Br. at 7.) Plaintiff therefore asks that the Court remand to the ALJ for a "proper consideration of the factors as set forth in the HALLEX." (Pl.'s Opening Br. at 8.)

The Court disagrees with Plaintiff's position. First, Plaintiff argues that the ALJ did not comply with HALLEX I-2-2-42, because the ALJ did not "properly consider[]" the factors discussed therein. However, the "HALLEX does not carry the force of law and therefore [the Ninth Circuit] do[es] not review allegations of non-compliance with it." *Wilson v. Berryhill*, 732 F. App'x 504, 507 (9th Cir. 2018) (declining to review claimant's argument that the ALJ did not comply with the HALLEX) (citing *Roberts v. Comm'r of Soc. Sec. Admin.*, 644 F.3d 931, 933 (9th Cir. 2011)); *Roberts*, 644 F.3d at 933 (declining to review the claimant's argument because the HALLEX "does not 'carry the force of law and [is] not binding upon the agency'") (quoting *Parra v. Astrue*, 481 F.3d 742, 749 (9th Cir. 2007)); *Lockwood*, 616 F.3d at 1072 (explaining that the "HALLEX does not impose judicially enforceable duties on either the ALJ or this court"); *see also Nabis-Smith v. Berryhill*, No. 6:16-cv-01915-JR, 2018 WL 3404057, at *6 (D. Or. Apr. 26, 2018) (rejecting the plaintiff's argument that the ALJ failed to follow certain policies outlined in the HALLEX); *Rickman v. Colvin*, No. 6:12-cv-01201-SI, 2013 WL 4773627, at *5 (D. Or. Sept. 4, 2013) (explaining that "[t]he ALJ . . . has no duty to follow the HALLEX," because the HALLEX "does not carry the force of law and is not binding on the agency") (citing *Roberts*, 644 F.3d at 933, and *Parra*, 481 F.3d at 749).

Citing Social Security Ruling ("SSR") 13-2p, 2013 WL 603764 (Feb. 20, 2013), Plaintiff argues that the HALLEX is binding upon the agency. (*See* Pl.'s Opening Br. at 5-7, stating that SSR 13-2p includes a "specific requirement that ALJs follow HALLEX," and noting that SSR 13-2p states that the agency requires adjudicators "at all levels of administrative review to follow agency policy," including the HALLEX). However, "SSR 13-2P is a policy ruling clarifying how

the Agency determines whether drug addiction is a contributing factor material to the determination of disability." *Kathleen S. v. Saul*, No. 3:19-cv-00651, 2020 WL 353602, at \*7 (S.D. Cal. Jan. 21, 2020) (citation and quotation marks omitted). "[E]ven after the promulgation of SSR 13-2p on February 20, 2013, the Ninth Circuit has continued to cite *Roberts* and *Lockwood* for the proposition that the Agency's internal policy manuals such as HALLEX do not give rise to any legally enforceable rights." *Id.* (citing, among other cases, *Wilson*, 732 F. App'x at 507).

"[T]he contention that SSR 13-2p overrides the holdings of *Roberts* and *Lockwood* has [also] been rejected by other district courts in this Circuit[.]" *Kathleen S.*, 2020 WL 353602, at \*7 (citations omitted). For example, in *Hollen v. Comm'r of Soc. Sec.*, No. 15-2357, 2017 WL 1075194, at \*9 (S.D. Cal. Mar. 22, 2017), the magistrate judge held that "circuit precedent establishing that internal Agency regulations have no force of law still stands," and therefore rejected the claimant's argument that the ALJ failed to follow a procedure mandated by the HALLEX. *Id.* The district judge adopted the magistrate judge's report and recommendation, stating:

> The Magistrate Judge is correct; 'HALLEX does not impose judicially enforceable duties on either the ALJ or this court.' No authority has ever found the Ninth Circuit's position on HALLEX was overturned, and Plaintiff's assertion that SSR 13-2P mandates that ALJs follow HALLEX procedures is erroneous.
>
> Social Security Rulings 'represent . . . statements of policy and interpretations . . . [but] do not carry the force of law.' Rather, they are only binding as far as the interpretation is applicable to the facts underlying an ALJ's decision.
>
> Despite Plaintiff's arguments to the contrary, SSR 13-2P carries no substantive policy interpretations applicable to the facts of her case. Rather, SSR 13-2P is a policy ruling clarifying how the Agency determines 'whether drug addiction is a contributing factor material to the determination of disability.' As Plaintiff does not claim the ALJ improperly applied the Plaintiff's drug or alcohol

PAGE 10 – OPINION AND ORDER

> dependence in his disability determination, SSR 13-2p is not
> binding.
>
> Accordingly, as SSR 13-2P does not mandate the ALJ
> follow HALLEX procedures, the ALJ did not err by refusing to
> summarize Plaintiff's subjective testimony for the [medical
> expert].

*Id.* (internal citations and quotation marks omitted).

Consistent with the authorities cited above, the Court finds that the HALLEX does not carry the force of law and, therefore, the Court need not "review allegations of non-compliance with it." *Wilson*, 732 F. App'x at 507; *see also Dragoo v. Comm'r of Soc. Sec. Admin.*, No. 19-01988, 2020 WL 525678, at *5 (D. Ariz. Feb. 3, 2020) ("[W]hether the ALJ complied with HALLEX I-2-9-10(A) or any other provision in [the] HALLEX is irrelevant, and the Court need not engage in any further analysis of any alleged noncompliance with [the] HALLEX."); *Groom v. Berryhill*, No. 17-1117, 2018 WL 1517165, at *5 (C.D. Cal. Mar. 27, 2018) (noting that the plaintiff argued that the ALJ violated requirements set forth in the HALLEX, and stating that the argument "lack[ed] merit" because the HALLEX "'do[es] not impose judicially enforceable duties' on [a] federal court or ALJ regarding borderline situations") (citation omitted).

The Court also disagrees with Plaintiff's assertion that SSR 13-2p applies here or mandates that the ALJ follow HALLEX I-2-2-42, and several other courts have already rejected the same argument. *See Kathleen S.*, 2020 WL 353602, at *8 ("[A]s SSR 13-2P does not mandate the ALJ follow HALLEX procedures, the ALJ did not err by refusing to summarize Plaintiff's subjective testimony for the [medical expert]."); *see also Hanh L. v. Comm'r, Soc. Sec. Admin.*, No. 3:17-cv-01613-JE, 2019 WL 5858187, at *5 n.3 (D. Or. July 23, 2019) ("SSR 13-2p, which Plaintiff cites in support of the argument that POMS [Program Operations Manual System] is binding on Agency adjudicators, addresses how adjudicators consider federal district and circuit court decisions where drug addiction and alcoholism problems are present. SSR 13-

PAGE 11 – OPINION AND ORDER

2P is inapplicable here[.]"); *Martinez v. Colvin*, No. 6:14-cv-01703-MC, 2016 WL 270911, at *5 (D. Or. Jan. 20, 2016) ("SSR 13-2p[] addresses how adjudicators consider federal district and circuit court decisions where drug addiction and alcoholism problems are present. Plaintiff made no claims that there were misinterpretations of policies relating to drug addiction and alcoholism in this case. Therefore, SSR 13-2P is inapplicable here and does not change this Court's application of [Ninth Circuit case law], which . . . 'stands for the proposition that [the agency's internal manuals] are not judicially enforceable.'").

Furthermore, the Court concludes that the ALJ did not commit reversible error, because the record reflects that the ALJ (1) noted Plaintiff's birth date and age during the relevant period; (2) considered whether Plaintiff was disabled under both Rule 201.21 of the Grids (younger individual) and Rule 201.14 of the Grids (closely approaching advanced age); (3) cited 20 C.F.R. § 404.1563, which states that the agency will not apply age categories mechanically in a borderline situation; (4) cited HALLEX I-2-2-42; and (5) relied on (unchallenged) VE testimony. (Tr. 23-25.) Plaintiff fails to cite any case that suggests anything more is required.

Finally, the Court cannot say that the ALJ abused his discretion in declining to use the higher age category. HALLEX I-2-2-42 states that "[t]o support the use of the higher age category, the claimant must show that the factor(s) have a progressively more adverse impact on his or her ability to adjust to other work as the period between the claimant's actual age and attainment of the next higher age category lengthens." HALLEX 1-2-2-42, 2016 WL 1167001, at *2. Plaintiff takes issue with the ALJ's conclusion that "[t]here is no indication of a progressively greater impact on the ability to adjust to other work" and thus "no basis for applying the guidelines earlier than the regulations already prescribe" (Tr. 24), but Plaintiff does

not explain how the relevant factor(s) would support a contrary conclusion. Accordingly, the Court cannot say that the ALJ abused his discretion in declining to use the higher age category.

In summary, HALLEX-2-2-42 does not carry the force of law and, therefore, the Court need not review Plaintiff's allegations of non-compliance with it. The Court also finds that the ALJ did not (1) apply the age categories mechanically and, therefore, did not run afoul of 20 C.F.R. § 404.1563; nor (2) abuse his discretion when he declined to use the higher age category. Accordingly, the Court affirms the Commissioner's decision.

## CONCLUSION

For the reasons stated, the Court AFFIRMS the Commissioner's decision.

**IT IS SO ORDERED.**

DATED this 7th day of February, 2020.

_____
STACIE F. BECKERMAN
United States Magistrate Judge